```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

JAMES J. HUDNALL, SR., AIS # 155690,

    Plaintiff,                      :

vs.                                  :    CIVIL ACTION 08-0605-KD-M

GRANTT CULLIVER, *et al.*,    :

    Defendants.                 :

### REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.[1] After review of Plaintiff's action, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or

---

[1] Plaintiff's Motion to Proceed Without Prepayment of Fees was previously granted. (Doc. 4). However, in light of the findings herein, the October 22, 2008, Order is hereby **WITHDRAWN**, and Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is **DENIED**. The Clerk is **ORDERED** to return the $16.66 partial filing fee to Plaintiff. (Doc. 5).

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff had more than three actions or appeals that were previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted.  *See Hudnall v. Johnson, et al.,* CA 96-0220-BH-M (S.D. Ala. Aug. 5, 1996); *Hudnall v. Williams, et al.,* CA 00-1680 (N.D. Ala. Aug. 6, 2002), *appeal dismissed as frivolous* (11th Cir. Jan. 31, 2003); and *Hudnall v. Dempsey,* CA 96-1714 (M.D. Ala. Jan. 29, 1997).  In additions to these three actions and the present action, Plaintiff has filed twenty-nine actions in the federal district courts of Alabama.

In order to avoid 28 U.S.C. § 1915(g)'s application, it is incumbent on Plaintiff to show that at the time of his action's filing, he was "under imminent danger of serious physical injury."  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).  In determining whether a plaintiff was under

imminent danger of serious physical injury, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004).

In Plaintiff's original Complaint (Doc. 1), he named as Defendants, Dr. Earnshaw, a psychiatrist, and Grantt Culliver, Warden at Holman Correctional Facility.  In the Amended Complaint Plaintiff adds as Defendants, Commissioner Richard Allen; Dr. Blain Crum, a psychologist; and Ms. Dodd, a "psychologist associate."  (Doc. 6 at 2).

In the Complaint as Amended Plaintiff alleges that he suffers from severe depression and has asked to be seen by Defendant Earnshaw and be treated with anti-depressants.  (Doc. 1 at 3).  However, Defendant Earnshaw allegedly has dropped Plaintiff from her caseload, and refuses to see him or to prescribe anti-depressants for him.  (Doc. 1 at 3).  Plaintiff believes that Defendant Earnshaw's actions are due to him being written a disciplinary about one year ago for contraband, which consisted of Elavil tablets that he was hoarding.  (*Id.*).

Defendant Culliver allegedly refused to transfer Plaintiff to Donaldson where Plaintiff believes that he would receive mental health treatment.  Defendant Culliver told Plaintiff that there is no need for the transfer and that he cannot make Defendant Earnshaw see or prescribe for Plaintiff.  (Doc. 1 at 4;

3

Doc. 6 at 2). Plaintiff also had a friend contact Defendant Allen, who refused to transfer Plaintiff to Donaldson. (*Id.*). Defendants Crum and Dodd also allegedly denied Plaintiff mental heath care. (*Id.*).

When the Court received the Complaint on October 15, 2008, Plaintiff alleged that the violation occurred on October 8, 2008, and for the prior year. (Doc. 1 at 3). Considering that the alleged lack of mental health treatment and medication existed for a year, whatever danger that existed at the Complaint's filing does not appear to be imminent. Furthermore, Plaintiff's allegations do not identify the danger to Plaintiff if he does not received mental health treatment and medication. Nor does Plaintiff inform the Court who diagnosed his condition and when it was diagnosed. In the absence of specific facts about his condition, the need for treatment and medication, and "serious physical injury" that he will sustain, Plaintiff has failed to meet his burden of showing that he was in imminent danger of serious physical injury at the time he filed this action.[2] *Ball v. Allen,* CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) ("The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern

---

[2]Since filing the present action, on January 20, 2009, Plaintiff filed another § 1983 action, *Hudnall v. Earnshaw, et al.,* CA 09-0034-CG-B (S.D. Ala.), wherein he complains about virtually same Defendants and the denial of mental health treatment and medication to him.

of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." (quotation omitted))(unpublished).  Therefore, Plaintiff cannot avail himself of § 1915(g)'s exception.

Because Plaintiff is not entitled to § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 17th day of March, 2009.

           s/BERT W. MILLING, JR.
           UNITED STATES MAGISTRATE JUDGE